STATE OF NORTH CAROLINA v. JAMES E. SATTERFIELD

No. 7019SC331

(Filed 24 June 1970)

**Criminal Law § 127; Bastards § 2; Indictment and Warrant § 10—arrest of judgment — failure of affidavit for warrant to name defendant**

 In this prosecution for nonsupport of an illegitimate child, judgment must be arrested for failure of the warrant on which defendant was tried to charge defendant with a crime where the name of defendant does not appear in the affidavit upon which the warrant is based.

APPEAL by defendant from *Kivett, J.,* 26 January 1970 Criminal Session of Superior Court held in RANDOLPH County.

*Attorney General Morgan and Staff Attorney Mitchell for the State.*

*Ottway Burton for defendant appellant.*

MALLARD, C.J.

This was a criminal proceeding instituted for the nonsupport of an illegitimate child under the provisions of Article 1 of Chapter 49 of the General Statutes.

The defendant was tried upon an affidavit and warrant reading as follows:

"NORTH CAROLINA, RANDOLPH COUNTY
STATE
vs.
JAMES E. SATTERFIELD
Rt. #2, Asheboro, N. C.

Detta Farlow being duly sworn, complains and says that at and in said county on or about the 1 day of January, 1969, Detta

Farlow did unlawfully and wilfully did neglect and refuse to support. and maintain his illegitimate child, Debbie Farlow 17 months of age, and begotten upon the body of Detta Farlow, to-wit: both plaintiff and defendant being over 18 years of age, and not married to each other. (in violation of GS 49-2) contrary to the form of statute, made and provided and contrary to law and against the peace and dignity of the State.

Sworn and subscribed to before me this 18 day of April, 1969.

C. O. BULLA                                          Detta Farlow
Justice of the Peace                                 Complainant

WARRANT

North Carolina, Randolph County
To the Sheriff or any other lawful officer of Randolph County; GREETINGS:

For the causes stated in affidavit hereto attached, you are hereby commanded forthwith to arrest James E. Satterfield and him safely keep so that you have him before Randolph County Recorder's Court in Asheboro, N. C., forthwith to answer the above complaint and be dealt with as the law directs.

This the 18 day of April, 1969.

C. O. BULLA
Justice of the Peace"

It seems clear that the warrant was intended to contain a charge that the defendant, James E. Satterfield, unlawfully failed to support his illegitimate child. However, in the affidavit upon which the warrant is based, the name of the defendant does not appear.

The warrant does not charge the defendant with a crime, and the judgment must be arrested under the principles of law enunciated in *State v. Benton,* 275 N.C. 378, 167 S.E. 2d 775 (1969).

Judgment arrested.

MORRIS and GRAHAM, JJ., concur.